Sam Massey was a shareholder of a corporation known as Upper Cliff Mining Company, Inc. His son Mike Massey owned all of the capital stock in a corporation known as Massey Sons, Inc. On February 14, 1990, while Sam was indebted to McPherson Oil Company, Inc., he conveyed a one-half interest in the real property in question, which he owned individually, to his son Mike, with the consideration shown in the deed as "love and affection" only. There was no showing of any debt owed by Sam to Mike. The record contains evidence indicating that Upper Cliff Mining Company, Inc., owed money to Massey Sons, Inc. I assume that the trial court found this to be the case; however, the record contains no evidence indicating why Sam, as a stockholder of Upper Cliff Mining Company, had any legal obligation to pay a debt of Upper Cliff Mining Company to Massey Sons. Nor was there any evidence indicating that the conveyance of this 1/2 interest in the real property to Mike individually satisfied Upper Cliff Mining Company's debt to Massey Sons. If there had been evidence of a debt owed by Sam to Mike, then, given the testimony presented, I would have affirmed the judgment of the trial court.